**220**

**Paul O. HYNARD, Plaintiff–Appellant,**

v.

**INTERNAL REVENUE SERVICE,
United States of America,
Defendants–Appellees.**

No. 03–6097.

United States Court of Appeals,
Second Circuit.

Feb. 18, 2004.

On submission (Paul O. Hynard, Yonkers, NY, on the brief), for Appellant.

On submission (James B. Comey, U.S. Attorney, S.D.N.Y., Megan L. Brackney, Assistant U.S. Attorney, and Kathy S. Marks, Assistant U.S., Attorney, on the brief), for Appellee.

PRESENT: JACOBS, SACK, and RAGGI, Circuit Judges.

*SUMMARY ORDER*

Paul Hynard appeals from two orders entered in the United States District Court for the Southern District of New York (McMahon, *J.*). The first, entered on October 9, 2002, denied Hynard's motion for summary judgment and granted a cross-motion for summary judgment filed by the IRS. The second, entered on March 17, 2003, denied Hynard's motion for reargument. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

1. This Court reviews the district court's grant of summary judgment *de novo. See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). In doing so, this Court is required to construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

For the reasons substantially stated in the district court's October 9, 2002 decision, we affirm the grant of summary judgment in favor of the IRS.

2. This Court reviews appeals from the denial of a motion for reargument or reconsideration for abuse of discretion. *See Branum v. Clark,* 927 F.2d 698, 704 (2d Cir.1991). The district court's denial of Hynard's motion for reargument was not an abuse of discretion. Local Civil Rule 6.3 requires a petitioner to submit a memorandum in support of such a motion that clearly describes any "matters or controlling decisions" that the "[district] court has overlooked." Hynard's memorandum simply restated the claims raised in his prior papers, all of which had been properly considered by the district court.

Hynard also fails to demonstrate that he suffered any prejudice from the omission of deponent Rifkin's identity in the IRS's initial disclosures. Rifkin's role was limited to explaining documents already submitted by Hynard and the IRS, and the district court relied neither substantially nor exclusively on Rifkin's testimony. Hynard's claims concerning alleged flaws in his own deposition are likewise meritless. Hynard was permitted to supplement or clarify his testimony at the end of the deposition. Further, he used errata sheets to make extensive corrections to his deposition transcript, which were submitted to the district court with his testimony.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.